UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS,

                Petitioner,

    v.

MICHAEL OBERLAND, *et al.*,

                Respondents.

CASE NO. C19-262 BJR

**REPORT AND RECOMMENDATION**

Petitioner, a well-known abusive litigant, is under pre-filing bar orders in this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). On February 21, 2019, petitioner filed a § 2254 habeas corpus petition challenging his 1978 convictions in King County Superior Court for First Degree Attempted Rape and First Degree Burglary. Dkt. 1.

The habeas petition alleges 1) Congress has no jurisdiction outside Washington D.C.; 2) Petitioner is a Sovereign Nation; 3) As the people did not consent to the United States Constitution, the people stand outside of its jurisdiction; 4) Congress is an agent of the states; and 5) the bar against the filing of successive habeas corpus petitions and the federal statute of

REPORT AND RECOMMENDATION - 1

limitations do not apply to petitioner. Plaintiff also moves to proceed *in forma pauperis*, and for appointment of counsel. For the reasons below, the Court recommends this matter be dismissed and that plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel be stricken as moot.

The Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits the petitioner is not entitled to relief. *See* Habeas Rule 4. The habeas petition on its face establishes it is time barred. The judgment and conviction challenged was imposed 31 years ago. Petitioner clearly knew decades ago about the claims he now raises because his habeas petition states the lawyers representing him in his past criminal proceedings would not raise the issues on appeal. Moreover, the Court's own records establish petitioner has been challenging his convictions King County convictions via Federal habeas corpus petitions for many years. *See e.g., 00-1486-RSL, Demos v. Lambert*. Because the convictions petitioner challenges are well beyond the one year federal statute of limitations, the petition should be dismissed with prejudice. *See* 28 U.S.C. § 2244(d)(1).

Additionally, as a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

The Court recommends this dismissal count as one of the **three** IFP applications and proposed actions petitioner is permitted this year. The Court further recommends **DISMISSING**

REPORT AND RECOMMENDATION - 2

the proposed habeas petition with prejudice as untimely, and striking petitioner's motions to proceed *in forma pauperis* and for appointment of counsel as moot.

### OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 11, 2019.** The Clerk should note the matter for **March 15, 2019,** as ready for the District Judge's consideration. Objections and responses shall not exceed **five (5)** pages. The failure to timely object may affect the right to appeal.

DATED this 25th day of February, 2019

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3